IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALDRIE QUINTAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00064-X (BT) |
| | § | |
| WARDEN OF PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| | § | |
| Respondent.[1] | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Aldrie Quintas filed a pro se habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. Pet. (ECF No. 3). Upon review, the District Judge should deny Petitioner Aldrie Quintas's habeas petition without prejudice.

## Background

In 1997, Petitioner, a native and citizen of the Philippines, was lawfully admitted into the United States. Response to Pet. at 2 (ECF No. 8). He was later convicted of deportable crimes and placed into removal proceedings after being served with a notice to appear charging him with deportability under INA §§

---

[1] The Court **DIRECTS** the Clerk of Court to change the caption of this case to reflect that the Warden of the Prairieland Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents should be terminated from this case.

237(a)(2)(A)(iii) (aggravated felony conviction) and 237(a)(2)(B)(i) (controlled substance conviction). *Id.* On May 17, 2004, an immigration judge ordered Petitioner deportable but deferred removal to the Philippines under the Convention Against Torture. *Id.* on December 28, 2004, Petitioner was released from custody on an order of supervision, and re-detained on September 19, 2025, by ICE to carry out his removal to a third country. *Id.*

Petitioner then filed this petition for habeas relief under 28 U.S.C. § 2241, claiming that his prolonged detention violates the Due Process Clause. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). His allegations are sparse. As for whether removal to the Philippines or a third country in the future is likely, he states only that "Philippines will not accept since 1990 and no 3rd country will accept me; in theory ICE will claim it, but in practice it's impossible." Pet. at 7.

The Government responded to the Petition, stating only that:

> U.S. Immigration and Customs Enforcement has informed the undersigned that this matter is with the State Department in connection with the ongoing attempts to execute Petitioner's removal, but that there is no new information from the State Department about any recent developments in this regard. In light of this dearth of available information, Respondents are not able to provide the Court with updated facts regarding Petitioner's removal to a third country or a clear assessment of the likelihood of removal in the reasonably foreseeable future.

Response to Pet. at 3. Petitioner did not file a reply.

### Legal Standards

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United Sates." *Hamdi v. Rumsfeld*, 542 U.S. 507,

525 (2004). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "A habeas petitioner has the burden to prove that he is entitled to relief." *Orman v. Cain*, 228 F.3d 616, 619 (5th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362 (2000); *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982)).

### Analysis

There is no dispute that Petitioner is subject to a valid and administratively final order of removal and therefore detained under 8 U.S.C. § 1231. "Section 1231(a)(6) provides, among other things, that when an alien who has been ordered removed is not in fact removed during the 90-day statutory 'removal period,' that alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim*, 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the 90-day removal period "only for a period reasonably necessary to secure the alien's removal." *Id.* It concluded that six months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. To meet his burden under *Zadvydas*, a petitioner "must demonstrate that

'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Idowu v. Ridge*, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (Ramirez, J.) (citation omitted).

Here, Petitioner alleges, in total, that "Philippines will not accept since 1990 and no 3rd country will accept me; in theory ICE will claim it, but in practice it's impossible." Pet. at 7.

These conclusory allegations fail to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," so Petitioner has not met his initial burden under *Zadvydas* and is not entitled to habeas relief. *See*, *e.g.*, *Van Do v. Ward, Camp E. Mont.*, 2026 WL 949060, at *2 (W.D. Tex. Apr. 7, 2026) (noting that the petitioner must provide more than conclusory statements to meet his *Zadvydas* burden) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)); *Muhejic v. Warden*, 2016 WL 7670695, at *2 (W.D. La. Aug. 30, 2016) (recommending denial of *Zadvydas* claim as conclusory where the petitioner stated only that "it seems that they don't want me otherwise I would have already been back"), *rec. accepted* 2017 WL 89472 (W.D. La. Jan. 9, 2017); *Juma v. Mukasey*, 2009 WL 2191247, at *3 (S.D.N.Y. July 23, 2009) (recommending denial of *Zadvydas* claim where the petitioner made only "vague, conclusory, and general" claims that his removal is not foreseeable); *see also* *Puckett v. Davies*, 2019 WL 4119259, at *5 (N.D. Tex. Aug. 2, 2019) ("[M]ere conclusory allegations are insufficient to warrant relief in a habeas proceeding.")

(Rutherford, J.), *rec. accepted* 2019 WL 4085174 (N.D. Tex. Aug. 29, 2019) (Boyle, J.).

Even so, the opportunity to file objections to this recommendation (explained in more detail below) offers Petitioner yet another chance to provide non-conclusory facts and argument showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he makes that showing, the Court could seek supplemental briefing from the Government in response. Otherwise, the District Judge should deny his habeas petition without prejudice.

### Recommendation

The District Judge should deny Petitioner Aldrie Quintas's habeas petition without prejudice.

SO RECOMMENDED.

June 25, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).