IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALDRIE QUINTAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 3:26-CV-0064-X-BT |
| | § | |
| WARDEN OF PRAIRIELAND DETENTION CENTER, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (FCR). (Doc. 9). Due to delays in both mail delivery and docketing, the Court did not have an opportunity to review Petitioner Aldrie Quintas's objection before it entered its initial order adopting the Magistrate Judge's FCR. Once the Court received and reviewed Quintas's objection the Court found he met his burden under *Zadvydas* of showing "there is no significant likelihood of removal in the reasonably foreseeable future," which shifted the burden to the Respondent to provide "evidence sufficient to rebut that showing."[1] (Doc. 12). Accordingly, the Court vacated its Judgment and ordered Respondent to file a response addressing "whether there is a significant likelihood of removal in the reasonably foreseeable future." (Doc. 13).

[1] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Respondent did so, stating that "it is not able to represent to the Court that there is a significant likelihood of his removal in the reasonably foreseeable future."[2]

The detention, release, and removal of aliens subject to final removal orders are governed by 8 U.S.C. § 1231. Although section 1231(a)(6) permits the continued detention of inadmissible aliens beyond the 90-day removal period, it says nothing about how long that detention may continue. Concerned that the statute's literal text may permit indefinite detention, the Supreme Court found section 1231(a)(6) authorized detention only for "a period reasonably necessary to bring about th[e] alien's removal from the United States."[3] Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized," the alien becomes eligible for release under an Order of Supervision.[4] To spare lower courts from making a fact-intensive determination in every case, the Supreme Court simply declared six months to be the "presumptively reasonable period of detention."[5] The Court's explanation for why it chose six months as the appropriate benchmark, rather than four or eight, was because it has created similar presumptions in other cases.[6] After the six-month period of detention expires, the alien need only provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

---

[2] Doc. 15 at 1.

[3] *Zadvydas* 533 U.S. at 689 (emphasis excluded).

[4] *Id.* at 699.

[5] *Id.* at 700–01.

[6] *Id.* at 701.

future."[7] If the alien does so, the burden shifts to the Government to "respond with evidence sufficient to rebut that showing."[8]

Here, Aldrie Quintas has been in ICE custody since September 2025.[9] Under the *Zadvydas* standard, he must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[10] He has. Quintas asserts that removal to his home country of the Philippines is not possible due to an immigration judge's deferral of removal to the Philippines.[11] Additionally, he alleged that Respondent has neither identified a third country willing to accept him, secured travel documents, nor provided any timeline for his removal rendering his removal is not significantly likely to occur in the reasonably foreseeable future.[12]

While the Court affords substantial deference to the Executive Branch in immigration matters,[13] *Zadvydas* has told us inferior courts that such deference has

---

[7] *Id.*

[8] *Id.*

[9] Doc. 8 at 2.

[10] *Zadvydas*, 533 U.S. at 701.

[11] Doc. 12 at 2.

[12] *Id.*

[13] The Supreme Court has made clear that the Executive Branch receives deference within the sphere of immigration. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ("We have often recognized that judicial deference to the Executive Branch is especially appropriate in the immigration context."); *Trump v. Hawaii*, 585 U.S. 667, 686 (2018); *INS v. Abudu*, 485 U.S. 94, 110 (1988). *See also Jean v. Nelson*, 472 U.S. 846, 881 (1985) (Marshall, J., dissenting) ("It is clear that, consistent with our constitutional scheme, the Executive enjoys wide discretion over immigration decisions."). But despite the Supreme Court overruling of *Chevron* deference in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Court has made no indication that deference in immigration to the Executive Branch has ended. Perhaps the Supreme Court is implicitly acknowledging that there is "Federative" deference in play when it comes to the Executive Branch's authority over immigration. *See* JOHN LOCKE, SECOND TREATISE OF GOVERNMENT ch. XII, §§ 146–48 (1690) (describing the Executive Branch as possessing not only the executive power to enforce laws but also the "federative" power—the authority concerning "war and peace, leagues and alliances, and all the transactions, with all persons

its limits.[14] And here, Respondent has not rebutted Quintas's showing. Indeed, Respondent candidly concedes "at this time, the government is not able to represent to the Court that there is a significant likelihood of his removal in the reasonably foreseeable future."[15]

**IT IS THEREFORE ORDERED** that the Court **GRANTS** Aldrie Quintas's habeas corpus petition under 28 U.S.C. § 2241 and Respondent is **ORDERED** to release Aldrie Quintas from the Prairieland Detention Center on an Order of Supervision within 24 hours of this Order.[16] Upon Aldrie Quintas's release, Respondent is **ORDERED** to file a written notice on the docket notifying the parties and the Court within 7 days. A separate final judgment shall issue.

**IT IS SO ORDERED** this 4th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

and communities without the commonwealth"—and noting that these powers are "hardly to be separated" from each other).

[14] *Zadvydas*, 533 U.S. at 700–01.

[15] Doc. 15 at 1.

[16] *See* 8 U.S.C. § 1231(a)(3).